

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent:
DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

September 26, 2024

**VIA ECF**

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>**Sookul v. Archipelago Group LLC**</u>
              *Case No. 24-cv-321 (AS) (RFT)*

Dear Judge Subramanian:

    We represent defendant Archipelago Group LLC in the above-referenced matter, and we submit this letter in response to plaintiff's letter motion to strike dated September 20, 2024, pursuant to the Court's Order of September 25.

    As an initial matter, defendant obviously cannot deny that it failed to timely file its answer. Nevertheless, defendant submits that plaintiff's letter motion[1] should be denied, and that its belated answer should not be stricken. For the Court to grant plaintiff's motion would ultimately result in a default judgment against defendant, which the Second Circuit has characterized as "the most severe sanction which the court may apply." *New York v. Green*, 420 F.3d 99, 104 (2nd Cir. 2005), (*quoting Cody v. Mello*, 59 F.3d 13, 15 (2nd Cir.1995)). The Second Circuit has "expressed a 'strong preference for resolving disputes on the merits,'" *Id*. (*quoting Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2nd Cir.2001)), and allowing defendant to file an answer would advance that goal.

    Although defendant's answer is indeed late, no default — let alone an actual default judgment — has been entered in this matter. But even if plaintiff had obtained a default, Fed. R. Civ. P. 55(c) would permit the court to set it aside for "good cause," and defendant submits that a lower standard would be appropriate here since no default has actually been entered.[2] It is well established in this Circuit that "good cause" should be "construed generously" since "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2nd Cir. 1993). The Second Circuit has set forth three criteria for

---

[1] As a procedural matter, it does not appear that a motion to strike is even permitted to be made by letter motion.

[2] Even in the context of a default *judgment*, which has a higher standard because Rule 60 applies, the Second Circuit has cautioned that "doubts 'should be resolved in favor of the defaulting party.'" *Powerserve Int'l, Inc.,* 239 F.3d at 514 (*quoting Enron Oil Corp.*, 10 F.3d at 96.))

Hon. Arun Subramanian, U.S.D.J.
September 26, 2024
Page 2 of 3

determining whether to relieve a party from default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2nd Cir. 2015). All of these factors weigh in favor of defendant being permitted to file its answer.

First, there has been no willfulness on the part of defendant. Willfulness in this context does *not* include "careless or negligent errors." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2nd Cir. 1996) Rather, willfulness is evaluated by such factors as whether the defaulting party made a *strategic* decision to default. *Id.* at 60. Promptness by a party in addressing a default weighs against a finding of willfulness. *Parisienne v. Heykorean, Inc.*, 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019). Here, defendant's failure to timely file its answer was pure oversight. Specifically, although the answer was not filed, the case proceeded as if defendant *had* in fact done so. (As a result, defendant did not even realize that its answer had not been filed until plaintiff filed its request for default last week.) Indeed, plaintiff concedes as much in his letter. Given the foregoing, defendant submits that the technical failure to file what amounts to a boilerplate answer to a boilerplate complaint should not result in the harsh punishment to the client of a default judgment, especially given the repeated instruction by the Second Circuit that default judgments are an "extreme sanction" that "must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2nd Cir. 1981)

Second, defendant has significant meritorious defenses in this case, including in addition to the factual question of whether its website is inaccessible threshold questions of whether plaintiff has standing to bring his claims as set forth by the Second Circuit in *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022)(holding that boilerplate pleadings in ADA accessibility cases failed to plausibly allege injury-in-fact sufficient to confer Article III standing) and *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022)(vague descriptions of future plans to visit a website are insufficient to confer standing).

Third, although the lateness of defendant filing its answer represents a several-month period, plaintiff suffered no prejudice from that delay. As noted above, the case proceeded even though no answer had been filed; it was not stalled as the result of the delay. (In any case, we would point out that delay by itself is not typically considered prejudice; rather, such elements as "loss of evidence, [] increased difficulties of discovery, or [] greater opportunity for fraud and collusion" are required. *Davis v. Musler*, 713 F.2d 907, 916 (2nd Cir. 1983) None of those are present here.) Additionally, we would point out that plaintiff himself did not take any action to seek a default, let alone default judgment, for the months that defendant's answer was overdue. While we certainly do not mean to suggest that plaintiff's failure to do so *justifies* defendant's failure to timely file its answer, it is probative of the lack of prejudice plaintiff suffered from defendant's omission. Indeed, plaintiff does not even *pro forma* allege that he suffered any prejudice.

To be sure, we realize that best practice would have been for defendant to seek leave to file its answer once it realized that it had not timely done so. However, plaintiff had just

Hon. Arun Subramanian, U.S.D.J.
September 26, 2024
Page 3 of 3

requested entry of default (without attempting to confer with defendant[3]), and it seemed that allowing the default to be entered and then moving to vacate that default and have its answer be accepted would be both an exercise in pure formalism and a waste of everyone's resources, including the Court's.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if there are any questions, and we respectfully request that default not be entered and that defendant's answer be accepted.

Respectfully submitted,

David Stein

cc: Mars Khaimov, Esq. (via ECF)

Plaintiff's motion to strike is DENIED. Defendant has now answered, ECF No. 20, and the Court construes defendant's letter (ECF No. 23) as a request for an extension to the deadline to answer. That extension is GRANTED. Courts in this district have accepted late answers when there is little prejudice to the plaintiff, where there will be little disruption to the case, and where there is no evidence of bad faith. *See, e.g.*, *Savor Health, LLC v. Day*, 2022 WL 16951457 (S.D.N.Y. Nov. 15, 2022). Here, prior to defendant's answer, the parties submitted joint letters and a joint proposed case management plan to the Court, completed discovery, and jointly requested a deadline for plaintiff to submit a motion for summary judgment. In addition, defendant's letter convincingly argues that there has been no bad faith.

The parties have been working together to proceed through the litigation timeline and should continue to do so. If Plaintiff still wishes to move for summary judgment, the Court extends the deadline to do so, *nunc pro tunc*, to **October 4, 2024**.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 21.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 27, 2024.

---

[3] For the sake of clarity, we do not claim that plaintiff was required to confer with defendant before seeking entry of default, but it would have saved effort on everyone's part if he had.